944 So.2d 481 (2006)
C.W., Father of M.W., A Child, and J.W., Mother of M.W., et al, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Nos. 5D05-3656, 5D05-3811.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
*482 Diana K. Simpson, Diana Kilpatrick Simpson, P.A., Ocala, for Appellants.
Ralph J. McMurphy, Department of Children & Families, Wildwood, for Appellee.
Wendie Michelle Cooper, Orlando, for Appellee, Guardian ad Litem.
THOMPSON, J.
C.W. and J.W., the father and mother of M.W., challenge the trial court's order that granted long-term custody of the child to her relative custodian and terminated supervision by the Department of Children and Family Services (DCF). We affirm the trial court's conclusion that reunification was not in the best interest of the child, but reverse the order of long-term placement and termination of DCF supervision for failure to comply with all of the conditions set forth in section 39.622, Florida Statutes (2005).
M.W. was one year old when DCF sheltered her, alleging dependency because her parents had inflicted or created a risk of significant mental, physical, or emotional injury to her. Both parents consented to the adjudication of dependency. The mother is legally blind and deaf, was Baker-acted, and suffers from mental illness. The father was incarcerated for choking the mother and restraining her around the neck for several minutes in the child's presence. Allegations of sexual abuse were not confirmed, but pointed to both parents as perpetrators. The mother was sexually abused as a child by her mother, and the father's juvenile history includes similar sexual misconduct with the long-term custodian's daughter when she was M.W.'s age. M.W. exhibits behavior consistent with sexual abuse. The court did not believe that the father would abide by reasonable restrictions on visitation because he took the child to his motel room after repeated warnings that all visitation occur in a public place, and the court did not believe the father's explanation. The father also failed to obtain stable housing and a driver's license and therefore failed to comply with his case plan. The court expressed grave concerns about either parent's ability to ever meet the child's extraordinary needs that were being met now by the relative custodian. Moreover, the child made significant progress during the fourteen months she resided with the relative. The court made the finding that *483 it was in the child's best interest to order long-term placement with the relative custodian.
The parents argue that certain conditions of the long-term custody statute, section 39.622, were not met. They specifically point to several such conditions: First, the lack of a case plan for the custodian that did not include a goal of reunification with the parents, as required under subsections 39.622(1) and (2); second, the order did not include the parties' agreement that the long-term custodial relationship did not preclude the possibility of a later return of custody to the parent upon a substantial change in circumstances, as required by subsection (4); third, the record did not show that the custodian had made a commitment to provide for the child until the child reached majority and to prepare the child for adulthood; and fourth, there was no agreement by the custodian not to return the child to the parents without court approval, as required by subsections (7) and (8).
An appellate court will not reverse an order that determines permanency by directing long-term placement with a relative if competent, substantial evidence supports the order. In re J.C., 805 So.2d 1094, 1096 (Fla. 2d DCA 2002) (citing L.L.C. v. Dep't of Children & Families, 790 So.2d 1239 (Fla. 5th DCA 2001)).
The preliminary requirements of section 39.622 were met.[1] However, there is no case plan for the custodian as required by section 39.622(1). The original case plan lists the custodian as a party, but she did not sign the plan that specified reunification with the parents as a goal. Section 39.622(2) requires that the case plan not include as a goal reunification by the parents or adoption by the custodian. Here, the magistrate's report adopted the judicial review social study report's (JRSSR) recommendation that the former goal be modified to long-term custody, and the trial court approved and adopted the report. The court's approval suffices to amend the case plan goal to long-term custody. See C.F. v. Dep't of Children & Families, 822 So.2d 571, 573 n. 3 (Fla. 5th DCA 2002) (citing In the Interest of M.C., 796 So.2d 566 (Fla. 2d DCA 2001)). However, because DCF did not submit a signed case plan describing the custodian's responsibilities and did not provide a copy of the amended case plan to the parents, this court must reverse the trial court's order and remand for further proceedings. See P.R. v. Dep't of Children & Families, 936 So.2d 754 (Fla. 4th DCA 2006).
Upon remand, the trial court shall require the parties to satisfy section 39.622(4)'s requirement that each party agree that a long-term custodial relationship does not preclude the possibility of returning the child to the custody of the parent at a later date, if the parent demonstrates a material change in circumstances and the change is in the child's best interest.
Finally, the magistrate failed to check the long-term custody provision of its form order that includes the required conditions that the caretaker made a commitment to provide for the child until majority and the agreement not to return the child to the parents, including short-term visitation, without court approval. See § 39.622(7) and (8). Upon remand, the trial court *484 shall add these remaining conditions to an order of long-term placement with the relative custodian.
Accordingly, we affirm the trial court's decision that it was in the child's best interests to make a long-term placement with the relative custodian, but reverse with instructions to modify the order to satisfy section 39.622.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
PALMER and LAWSON, JJ., concur.
NOTES
[1] The mother consented to long-term placement, and the father failed to substantially comply with his case plan. The relative custodian was willing to care for the child who had resided in the placement for over six months. The trial court adopted the general magistrate's findings from the judicial review hearing that reunification was not in the best interests of the child.